**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS AND PADGETT, JJ.**

**January 20, 2026**

# In the Court of Appeals of Georgia

A26A0790.   CICONE   v.   STARLITE   FAMILY
ENTERTAINMENT, INC. et al.

WATKINS, Judge.

In this civil action, Tara Henry Cicone filed a motion to strike pursuant to Georgia's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, OCGA § 9-11-11.1. After the trial court entered an order setting a hearing on the motion, Cicone filed an emergency motion to vacate or revise the order, or in the alternative to certify the order for immediate review, or in the second alternative, to set an expedited briefing schedule in advance of the hearing. The trial court denied the emergency motion, and Cicone filed this direct appeal. We, however, lack jurisdiction.

As a general rule, a direct appeal is permitted only from a judgment or order that is final, which means the case is no longer pending below.[1] Here, the action remains pending below. The law, however, permits a direct appeal from certain

---

[1] See OCGA § 5-6-34(a) (1); *Fein v. Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014).

non-final orders, including "[a]n order granting or denying a motion to dismiss or a motion to strike" under Georgia's anti-SLAPP statute.[2] Cicone contends that the order setting a hearing on the motion to strike, as well as the denial of her emergency motion to revise the order setting the hearing, are also appealable under these statutes. Because the trial court's orders were not denials of a motion to strike or a motion to dismiss, the orders are not appealable under OCGA § 9-11-11.1(e). It follows that Cicone has no right to a direct appeal under OCGA § 5-6-34(a)(13).

Because the action, including Cicone's motion to strike under Georgia's anti-SLAPP statute, remains pending below, Cicone was required to comply with the interlocutory appeal procedures, including obtaining a certificate of immediate review, to appeal the trial court's order.[3] Her failure to do so deprives us of jurisdiction over this appeal, which is hereby dismissed.

*Appeal dismissed. McFadden, P. J., and Padgett, J., concur.*

---

[2] OCGA § 9-11-11.1(e); see OCGA § 5-6-34(a)(13).

[3] See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Further, the denial of a certificate of immediate review is not subject to either a direct or discretionary appeal. *Price v. State*, 237 Ga. 352, 352-353(2) (227 SE2d 368) (1976); see OCGA § 5-6-35(a).

A26A0790. CICONE v. STARLITE FAMILY
    ENTERTAINMENT, INC. et al.


MCFADDEN, Presiding Judge, concurring fully and specially.

I concur fully. We must dismiss this appeal for lack of jurisdiction. The appellant failed to follow the procedures necessary to invoke our jurisdiction over his appeal from an interlocutory scheduling order.

I write specially to address the facial contradiction between OCGA § 5-6-34(a)(13) and OCGA § 9-11-11.1(e). OCGA § 5-6-34(a)(13) authorizes direct appeals from "[a]ll judgments or orders entered pursuant to OCGA § 9-11-11.1[,]" the anti-SLAPP Act. But OCGA § 9-11-11.1(e) provides that "[a]n order granting or denying

a motion to dismiss or motion to strike shall be subject to direct appeal in accordance with subsection (a) of Code Section 5-6-34."

Cicone urges us to apply OCGA § 5-6-34(a)(13), disregard OCGA § 9-11-11.1 (e), and so construe these statutes to permit a direct appeal from every ruling at every stage of the proceedings in a SLAPP matter. Starlite urges us to apply OCGA § 9-11-11.1 and limit the right to direct appeals to rulings on motions to dismiss or to strike.

The construction Cicone advocates is antithetical to the purpose of the anti-SLAPP statute: to advance "the public interest to encourage participation by the citizens of Georgia in matters of public significance and public interest through the exercise of their constitutional rights of petition and freedom of speech." OCGA § 9-11-11.1(a). Permitting direct appeals from every interlocutory order in a proceeding under the anti-SLAPP statute, rather than from only those orders identified in OCGA § 9-11-11.1(e), could lead to delays significantly impeding that purpose.

Moreover, the rules of statutory construction favor the narrower rule of OCGA § 9-11-11.1(e). "[I]t is well-established that the terms of a specific statute govern over those of a more general statute." *Vineville Capital Group v. McCook*, 329 Ga. App. 790, 794(1)(a) (766 SE2d 156) (2014) (citation and punctuation omitted). OCGA § 9-11-11.1(e) is part of the anti-SLAPP Act. So under that principle of statutory

2

construction, the only judgments and orders entered under OCGA § 9-11-11.1 that are subject to direct appeal in accordance with OCGA § 5-6-34(a) are those "denying a motion to dismiss or motion to strike. . . ." OCGA § 9-11-11.1(e).

This court has failed, in some cases, to acknowledge the tension between OCGA §§ 5-6-34(a)(13) and 9-11-11.1(e). In both *Trabue v. Hanson*, ___ Ga. App. ___ (922 SE2d 684) (2025), and *Potts v. Richardson*, 376 Ga. App. 90 (918 SE2d 146) (2025), we cited OCGA § 5-6-34(a)(13) as support for our exercise of jurisdiction over rulings in SLAPP actions without mentioning the limitations of OCGA § 9-11-11.1(e). See *Trabue*, A25A0847, slip op. 1 at n. 1 (Ga. App. Oct. 28, 2025) (citing OCGA § 5-6-34(a) as authority for denying a motion to dismiss an appeal from an attorney fee award in a SLAPP action); *Potts*, 376 Ga. App. at 93 n. 4 (holding that the fact that the trial court reserved ruling on the amount of an attorney fee award in a SLAPP action "has no bearing on our jurisdiction over this matter" in light of OCGA § 5-6-34(a)).

But neither *Trabue* nor *Potts* holds that OCGA § 5-6-34(a) permits direct appellate review of interlocutory rulings in proceedings under the anti-SLAPP statute beyond those specified in OCGA § 9-11-11.1(e). The rulings at issue in *Trabue* were final, not interlocutory, and so were directly appealable on that ground. See *Trabue*, A25A0847, slip op. at 2-4 (explaining that the underlying action had been voluntarily

3

dismissed before the trial court entered the attorney fee rulings that were the subject of the appeal); see also OCGA § 5-6-34 (a)(1)(B) (permitting direct appeals from final judgments unless subject to the discretionary appeal procedures of OCGA § 5-6-35). And the ruling at issue in *Potts* fell squarely within the language of OCGA § 9-11-11.1(e), in that it was an order granting a motion to dismiss under OCGA § 9-11-11.1. See *Potts*, 376 Ga. App. at 90.